**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-289-DCK**

| | |
|---|---|
| TAMARA ELAINE BAZEN, )<br>As Administrator of the Estate of )<br>Cathy Erlene Bazen, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JONATHAN T. SALEM, and )<br>USA LOGISTICS, INC., )<br>)<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding scheduling concerns and the status of this case. The parties have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate.

"Defendant U.S.A. Logistics, Inc.'s Motion For Partial Summary Judgment Pursuant To Rule 56" (Document No. 28) was filed on January 29, 2016. Defendant U.S.A. Logistics, Inc. ("Defendant" or "USA Logistics") contends that it is entitled to judgment as a matter of law on Plaintiff's claims for negligent hiring, and negligent supervision and retention. (Document No. 29). There is no dispute that Plaintiff's negligence claim against both Defendants is ripe for trial. In its "…Reply Memorandum In Support Of Its Motion…" Defendant argues that Plaintiff's negligence claim will establish what, if any, liability should be imposed on Defendants, and that Plaintiff cannot proceed with alternative claims against USA Logistics for negligent hiring and/or negligent supervision and retention. (Document No. 30, pp.3-6) (citing Pracht v. Saga Freight Logistics, LLC, 3:13-cv-529-RJC-DCK, 2015 WL 5918037 (W.D.N.C. Oct. 9, 2015)).

"Plaintiff's Sur-Reply…" suggests that the Pracht case is inapplicable here, and argues that Plaintiff's claims for negligent hiring and negligent supervision and retention are permissible "additional direct claims designed to elicit full recovery for the torts committed by Defendant." (Document No. 34, p.2). At a hearing on April 21, 2016, the Court specifically asked Plaintiff's counsel to identify caselaw showing that a plaintiff can successfully pursue claims for negligence, negligent hiring, and negligent supervision and retention to a judgment. In response, counsel cited Boyd v. L.G. DeWitt Trucking Co., Inc., 103 N.C.App. 396 (1991).

The underlying claims in Boyd appear to be willful or wanton negligence by a truck driver and/or trucking company, and willful or wanton negligent entrustment by the trucking company. Boyd, 103 N.C.App. 396. The issues raised on appeal to the Court of Appeals of North Carolina "relate solely to punitive damages." Id. at 401. Unlike Pracht, the Boyd decision does not directly address the issue of what claims a plaintiff may bring in a negligence action. Moreover, the claims in Boyd are similar, but distinguishable from the instant case.

In short, the undersigned is not convinced that Plaintiff has identified adequate authority to support her argument that the undersigned should reject the Pracht decision issued by the Honorable Robert J. Conrad, Jr. just a few months ago. The undersigned observes that Pracht squarely addresses the issue before the Court in this case, discusses the same claims, as well as negligent entrustment, and appears to rely on persuasive authority from both North Carolina state courts and other U.S. District Courts within the Fourth Circuit. Pracht, 2015 WL 5918037, at *8-9.

Under the circumstances, the Court will allow Plaintiff to file a supplemental brief focused on the legal argument of whether she can pursue all three (3) of her claims as a matter of law. The Court will be particularly interested in caselaw that indicates that a plaintiff can pursue the same

claims as presented in this case, against similar defendants, where an individual defendant was acting within the scope of his/her employment.

**IT IS, THEREFORE, ORDERED** that Plaintiff may file a supplemental brief of ten (10) pages or less, as directed herein, on or before **May 10, 2016**. If Plaintiff files a supplemental brief, Defendant U.S.A. Logistics may file a response of ten (10) pages or less, on or before **May 20, 2016**.

**IT IS FURTHER ORDERED** that a trial in this matter is rescheduled for the undersigned's civil term beginning **August 1, 2016**. A Final Pretrial Conference will be held on **July 26, 2016**.

**SO ORDERED**.

Signed: April 27, 2016

David C. Keesler
United States Magistrate Judge