# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-289-DCK

| | |
|---|---|
| TAMARA E. TURNER, as the Administrator of the ESTATE OF CATHY ERLENE BAZEN, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | ORDER |
| U.S.A. LOGISTICS, INC.; and JONATHAN THADDEUS SALEM, ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant U.S.A. Logistics, Inc.'s Motion For Partial Summary Judgment Pursuant To Rule 56" (Document No. 28). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the pending motion is ripe for disposition. Having carefully considered the motion, the record, oral argument, and applicable authority, the undersigned will grant the motion.

## I. BACKGROUND

This action arises from a vehicular collision on Northbound I-77, in Charlotte, North Carolina, on January 16, 2014. (Document No. 22, p.2). Cathy Erlene Bazen ("Bazen") was the driver of a 2000 Ford Explorer, and Jonathan Thaddeus Salem ("Salem") was the driver of a 2000 Freightliner tractor-trailer. Id. The two vehicles collided at approximately 8:44 p.m. Tragically, as a result of the collision, Bazen suffered severe injuries that ultimately resulted in her death. (Document No. 22, p.3). Defendant Salem was operating the 2000 Freightliner as an agent of

Defendant U.S.A. Logistics, Inc. ("USA Logistics") in the normal course and furtherance of USA Logistics' business. (Document No. 22, p.2).

Tamara E. Turner ("Plaintiff"), f/k/a Tamara Elaine Bazen, initiated this wrongful death action as the Administrator of the Estate of Cathy Erlene Bazen (the "Estate"), by filing a "Complaint" (Document No. 1, pp.7-11) on May 22, 2014, in the Superior Court of Mecklenburg County, North Carolina. The original Complaint's only claim was for negligence. Id. Salem and USA Logistics (together "Defendants") filed their "Notice Of Removal To Western District Of North Carolina" (Document No. 1, pp.1-3) on June 3, 2014.

The parties filed a "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 4), and a "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 5) on July 29, 2014. On August 13, 2014, the undersigned issued a "Pretrial Order And Case Management Plan" (Document No. 8). The "…Case Management Plan" set the following deadlines: discovery – January 26, 2015; dispositive motions – February 23, 2015; and trial – June 2, 2015. (Document No. 8). The parties participated in mediation on January 26, 2015, but reached an impasse. (Document No. 10).

On September 23, 2015, the Court allowed Plaintiff's motion to amend her Complaint. (Document No. 21). Plaintiff's "Amended Complaint" (Document No. 22) was filed on September 24, 2015. The Amended Complaint asserts a claim for negligence against both Defendants, as well as claims for negligent hiring and negligent supervision and retention against Defendant USA Logistics. (Document No. 22). On October 2, 2015, the Court revised the case deadlines as follows: discovery – January 15, 2016; dispositive motions – January 29, 2016; and trial – June 6, 2016. (Document No. 25).

"Defendant U.S.A. Logistics, Inc.'s Motion For Partial Summary Judgment Pursuant To Rule 56" (Document No. 28) and "…Memorandum Of Law In Support…" (Document No. 28-1) were filed on January 29, 2016. Defendant USA Logistics contends that Plaintiff's claims for Count II - negligent hiring and Count III - negligent supervision and retention should be denied as a matter of law. (Document Nos. 28 and 28-1). Defendant does not seek dismissal of Plaintiff's Count I – negligence claim, and it appears the parties agree that claim is ripe for trial. Id. "Plaintiff's Memorandum Of Law In Opposition…" (Document No. 29) was filed February 16, 2016. "Defendant U.S.A. Logistics, Inc.'s Reply Memorandum In Support…" (Document No. 30) was then filed on February 26, 2016. In its "…Reply Memorandum…" Defendant requested "the opportunity to be heard at oral argument on its Motion." (Document No. 30, p.11).

On March 24, 2016, the undersigned issued an "Order" (Document No. 33) scheduling a status and motions hearing for April 21, 2016; directing Defendants to file an Answer to the Amended Complaint; and granting "Plaintiff's Motion For Leave To File A Sur-Reply…" (Document No. 31). "Plaintiff's Sur-Reply…" (Document No. 34) and "Defendant's Answer To Amended Complaint" were both filed on March 28, 2016.

The Court heard arguments on Defendant USA Logistics' pending motion for partial summary judgment on April 21, 2016. The Court then issued an "Order" (Document No. 36) on April 27, 2016, allowing Plaintiff to file a supplemental brief focused on the legal question of whether all three (3) of her claims are legally viable under the circumstances of this case. In addition, the undersigned re-set this matter for trial during the civil term beginning August 1, 2016. (Document No. 36, p.3).

"Plaintiff's Supplemental Brief In Opposition To Defendant U.S.A. Logistics, Inc.'s Motion For Partial Summary Judgment" (Document No. 37) was filed on May 10, 2016; and

"Defendant U.S.A. Logistics, Inc.'s Response To Plaintiff's Supplemental Brief Pursuant To Court Order (Doc. #36)" (Document No. 38) was filed on May 20, 2016.

This matter is now ripe for review and disposition.

## II.   STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

Once the movant's initial burden is met, the burden shifts to the nonmoving party. Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011). The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. At summary judgment, it is inappropriate for a court to weigh evidence or make credibility determinations. Id.

## III.     DISCUSSION

By the pending motion for partial summary judgment, USA Logistics ("Defendant") contends that it is entitled to judgment as a matter of law as to Counts II and III of the Amended Complaint. (Document No. 28).

The parties agree that to prevail on her Count II and III claims for negligent hiring, supervision, and/or retention, Plaintiff must prove four things:

(1) USA Logistics and Salem owed Plaintiff's decedent, Bazen, a duty of care;

(2) Salem was incompetent;

(3) Prior to the accident involving Salem and Bazen, USA Logistics had actual or constructive knowledge of Salem's incompetence; and

(4) This incompetence was the proximate cause of Bazen's death.

(Document No. 28-1, p.4 and Document No. 29, p.6) (citing N.C.P.I. 640.42 Employment Relationship - Liability of Employer for Negligence in Hiring, Supervision or Retention of an Employee (2015); Medlin v. Bass, 327 N.C. 587, 590-591 (1990) (claim requires evidence that "the injury complained of resulted from the incompetency proved."); and White v. Consol. Planning, Inc., 166 N.C. App. 283, 292 (2004) (claim requires evidence that the injury was one "resulting from the employee's incompetency or unfitness.")).

USA Logistics' argument for partial summary judgment originally focused on Plaintiff's alleged failure to show that Salem was incompetent, that USA Logistics had actual or constructive knowledge of such incompetence, and/or that Salem's purported incompetence was the proximate cause of Bazen's death. (Document No. 28-1). Since then, beginning with its "…Reply Memorandum…," USA Logistics also argues that Counts II and III amount to an "alternative

theory" that Plaintiff should be precluded from pursuing.[1] (Document No. 30) (citing Pracht v. Saga Freight Logistics, LLC, 3:13cv529-RJC-DCK, 2015 WL 5918037 (W.D.N.C. Oct. 9, 2015)). USA Logistics argues that "[w]here a defendant is liable for the acts of its agent via respondeat superior or vicarious liability, a claim for negligent hiring, supervision, training, or retention against that defendant cannot proceed." (Document No. 30, p.3) (citing Pracht, 2015 WL5918037, at *8-9).

In Pracht, two tractor trailers collided on Interstate 85 South near Gastonia. Pracht, 2015 WL5918037, at *1. The driver of one of the vehicles, Eric F. Lee ("Lee") was killed as a result of the accident. Id. Christopher Pracht ("Pracht"), the personal representative of the Estate of Eric F. Lee, filed suit against Saga Freight Logistics, LLC ("Saga Freight"), owner and operator of the Freightliner tractor trailer that collided with Lee's vehicle, and Tomas Herrera, Jr. ("Herrera"), driver of the truck that collided with Lee's vehicle. Id. Pracht asserted claims for negligence against Herrera and Saga, and claims for negligent hiring, supervision, training, or retention, negligent entrustment, and punitive damages against Saga. Id. at *2.

As noted by USA Logistics, the Honorable Robert J. Conrad, Jr. ruled in favor of the defendant trucking company on its motion for summary judgment and dismissed plaintiffs' claims for negligent hiring, supervision, training or retention, where defendant had admitted that the driver (also a defendant) was acting in the course and scope of his employment at the time of the accident. (Document No. 30, p.3). However, the Court found that there was sufficient evidence

---

[1] Generally, it is inappropriate for a party to raise a new argument in a reply brief. See Local Rule 7.1 (E). To the extent Plaintiff might have been prejudiced by USA Logistics new argument, such prejudice has been cured by the Court allowing "Plaintiff's Sur-Reply…" (Document No. 34), oral argument, and supplemental briefing.

of negligence on the part of Herrera for that claim to go to trial. Most instructive to this case, the Pracht decision provides the following analysis:

> Pracht and R & L each assert claims for negligent hiring, supervision, training, or retention against Saga. These claims provide Plaintiffs an alternate theory upon which they may seek to impose liability upon Saga for Herrera's conduct. Hogan v. Forsyth Country Club Co., 79 N.C.App. 483, 340 S.E.2d 116, 124 (N.C.Ct.App. 1986); see also McFadyen v. Duke Univ., 786 F.Supp.2d 887, 1002 (M.D.N.C.2011), aff'd in part, rev'd in part, dismissed in part sub nom. Evans v. Chalmers, 703 F.3d 636 (4th Cir. 2012). The application of a theory of independent negligence in hiring, training, supervising, or retaining an employee is important in cases where the employee's acts were not within the scope of his or her employment. Hogan, 340 S.E.2d at 124. In such a case, this theory allows a plaintiff to establish liability on the part of the employer where no liability would otherwise exist. Id. In other words, these claims arise when an employee is acting outside the scope of employment, and they may only be asserted as an alternative to respondeat superior liability. Brown v. Tethys Bioscience, Inc., No. CIV.A. 1:10–1245, 2012 WL 4605671, at *6 n.4 (S.D.W.Va. Oct.1, 2012).
>
> Saga has admitted that Herrera was acting within the course and scope of his employment with Saga at the time of the accident. (Doc. Nos. 3 ¶ 9; 36 ¶ 13; 62 ¶ 13). Therefore, Saga is vicariously liable for Herrera's conduct pursuant to the doctrine of respondeat superior. Parker v. Erixon, 123 N.C.App. 383, 473 S.E.2d 421, 426 (N.C.Ct.App. 1996). Because Saga is liable via respondeat superior, Plaintiffs' claims for negligent hiring, supervision, training, or retention against Saga cannot proceed. Therefore, Saga's Motion for Summary Judgment is granted as to both Pracht's and R & L's claims for negligent hiring, supervision, training, or retention.

Pracht, 2015 WL5918037, at *8. Judge Conrad also determined that the negligent entrustment claim was "irrelevant and prejudicial." Id. at *9.

USA Logistics argues that the "instant case is factually identical to Pracht, and the facts compel the same result: dismissal." (Document No. 30, p.4). Moreover, USA Logistics contends

7

that "it is within the Court's discretion, and appropriate, to dismiss superfluous and alternative claims." Id. (citations omitted).

"Plaintiff's Sur-Reply…" argues that its claims for negligent hiring and negligent retention are not "alternative" claims, but are additional direct claims. (Document No. 34). Plaintiff further argues that the Pracht decision "is counter to North Carolina Law, for these torts require a nexus to employment and do not necessarily cover torts committed outside the scope of employment." (Document No. 34, p.2) (citing Medlin v. Bass, 327 N.C. 587, 590-91 (1990) and Little v. Omega Meats I, Inc., 171 N.C. App. 583, 615 (2005)).

Based on USA Logistics' request for a hearing, and the additional argument regarding Pracht, the undersigned determined that a hearing on the pending motion might be helpful and directed that the parties appear to discuss the motion and the status of the case on April 21, 2016. (Document No. 33). The hearing was informative, and particularly useful for a better understanding of the case and the parties' respective positions. However, the undersigned was not persuaded that Plaintiff's counsel was able to effectively distinguish the Pracht decision, or point the Court to another case supporting Plaintiff's arguments against dismissal of Counts II and III. As such, a few days after the hearing the undersigned issued an Order which included the following statement:

> In short, the undersigned is not convinced that Plaintiff has identified adequate authority to support her argument that the undersigned should reject the Pracht decision issued by the Honorable Robert J. Conrad, Jr. just a few months ago. The undersigned observes that Pracht squarely addresses the issue before the Court in this case, discusses the same claims, as well as negligent entrustment, and appears to rely on persuasive authority from both North Carolina state courts and other U.S. District Courts within the Fourth Circuit. Pracht, 2015 WL 5918037, at *8-9.

8

> Under the circumstances, the Court will allow Plaintiff to file a supplemental brief focused on the legal argument of whether she can pursue all three (3) of her claims as a matter of law. The Court will be particularly interested in caselaw that indicates that a plaintiff can pursue the same claims as presented in this case, against similar defendants, where an individual defendant was acting within the scope of his/her employment.

(Document No. 36, pp.2-3).

"Plaintiff's Supplemental Brief…" (Document No. 37) was filed on May 10, 2016. At the outset, Plaintiff asserts that "[n]either counsel has cited a case that directly addresses the precise issue at hand: whether the existence of vicarious liability for an employee's negligent conduct through *respondeat superior* precludes a plaintiff from proceeding with claims for negligent hiring and negligent retention and supervision." (Document No. 37, p.1). Plaintiff ignores the Court's previous statement that "Pracht squarely addresses the issue before the Court in this case," and declines any attempt to show why Pracht is not applicable here and/or fails to address the precise issue at hand. See (Document No. 37, pp.1-3).

Plaintiff argues that "[w]hile the cases cited in Pracht may be persuasive, they are not controlling for this Court in predicting how North Carolina's highest court would rule." (Document No. 37, p.2). The crux of Plaintiff's argument in her supplemental brief appears to be that the undersigned should disregard a decision by this Court on virtually the same facts and legal question issued less than a year ago, and ignore what Plaintiff acknowledges to be "persuasive" cases cited by that decision from the North Carolina Court of Appeals, the Fourth Circuit, and other U.S. District Courts within the Fourth Circuit. (Document No. 37, pp.1-3). Instead of following Pracht, Plaintiff urges this Court to anticipate how the North Carolina Supreme Court would rule. (Document No. 37, p.2) (citing Stahle v. CTS Corp., 817 F.3d 96 (4th Cir. 2016) and Liberty Univ., Inc. v. Citizens Ins. Co. of Am., 792 F.3d 520, 528 (4th Cir. 2015)).

In support of her argument, Plaintiff heavily relies on one North Carolina Supreme Court case: Braswell v. Braswell, 330 N.C. 363, 373 (1991). (Document No. 37, pp.3-9). Plaintiff appears to rely on Braswell for the position that "North Carolina courts recognize an independent cause of action for negligent hiring and retention." (Document No. 37, p.3 (citing Braswell, 330 N.C. at 373).

Consistent with that position, the Braswell case involves claims for negligent supervision and retention against Ralph L. Tyson, Sheriff of Pitt County, who employed Deputy Sheriff Billy R. Braswell, who murdered his estranged wife Lillie S. Braswell. Braswell, 330 N.C. at 363. The Braswell case *did not* include a claim of negligence against Sheriff Tyson, nor did it discuss whether the plaintiff could have included a negligence claim against Tyson, along with the negligent supervision and retention claim. Id. Moreover, the Braswell case does not involve an individual acting within the scope of her/his employment. Id. In fact, Braswell appears to reflect Judge Conrad's finding in Pracht that "application of the theory of independent negligence in hiring, training, supervising, or retaining an employee is important in cases where the employee's acts were not within the scope of his or her employment." Pracht, 2015 5918037, at *8 (citing Hogan, 340 S.E.2d at 124). In Braswell, the Supreme Court of North Carolina ultimately upheld the trial court's directed verdict in favor of Sheriff Tyson dismissing the claim for negligent supervision and retention.

Next, Plaintiff notes that negligent hiring and supervision claims allow for compensatory damages and thus serve as a deterrent. (Document No. 37, p.4). Plaintiff seems to suggest, without explanation or authority, that if Plaintiff cannot proceed with Counts II and III against USA Logistics, then compensatory damages cannot be imposed on USA Logistics as a deterrent. (Document No. 37, pp.4-5). Plaintiff does not allege that compensatory damages cannot be

10

imposed if Plaintiff is successful on her negligence claim, or explain why such damages would not be a sufficient deterrent. (Document No. 37). The undersigned observes that the jury in Pracht issued a "Damages Verdict" (Document No. 157) providing that the plaintiff was entitled to compensatory damages against Herrera and Saga Freight. See Pracht v. Saga Freight, 3:13cv529-RJC (W.D.N.C. Nov. 6, 2015).

Plaintiff later argues that she will suffer prejudice if she is not allowed to present Counts II and III to a jury. (Document No. 37, pp.7-8). However, Plaintiff offers little, if any, support or authority for this argument, and the undersigned is not persuaded Plaintiff will be unduly prejudiced. Notably, Plaintiff filed this action on May 22, 2014, relying solely on the claim of negligence and did not seek to add her additional claims until September 3, 2015, just a few weeks prior to the then pending trial date. See (Document No. 19). Even then, Plaintiff asserted that she sought "to notify the Defendants as well as the Court the full gambit of negligent behavior by all Defendants," not that she would be prejudiced if she could not bring her additional claims. Id.

Plaintiff has now had ample opportunity to show the Court why summary judgment should not be entered against her as to Counts II and III of the Amended Complaint. Based on the discussion above, as well as USA Logistics' arguments at the hearing and in its "…Response to Plaintiff's Supplemental Brief…" (Document No. 38), the undersigned finds good cause to grant the motion for partial summary judgment. In short, Plaintiff has failed to identify any persuasive authority, from the Supreme Court of North Carolina or elsewhere, that would direct the undersigned to reach a different conclusion than that reached in Judge Conrad's well-reasoned Pracht decision. Without more, the undersigned will decline to issue an Order denying USA Logistics' motion and thus contradicting Pracht.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant U.S.A. Logistics, Inc.'s Motion For Partial Summary Judgment Pursuant To Rule 56" (Document No. 28) is **GRANTED**. Plaintiff's claims for negligent hiring and negligent supervision and retention are **DISMISSED**.

**IT IS FURTHER ORDERED** that the parties shall appear for a Final Pretrial Conference on **July 26, 2016**; and that a trial in this matter on Plaintiff's Count I claim for negligence against Defendants Salem and USA Logistics will be held during the civil term beginning **August 1, 2016**.

**SO ORDERED**.

Signed: July 1, 2016

David C. Keesler
United States Magistrate Judge