IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-289-DCK

| | |
|---|---|
| TAMARA E. TURNER, <br> As Administrator of the Estate of <br> Cathy Erlene Bazen, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN T. SALEM, and <br> U.S.A. LOGISTICS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** regarding "Defendants Jonathan Thaddeus Salem And U.S.A. Logistics, Inc.'s Motions In Limine" (Document No. 42), and "Plaintiff's Motions In Limine" (Document No. 43) filed July 18, 2016. The parties have consented to the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the parties' written submissions and oral argument in a Final Pretrial Conference on July 28, 2016, the Court finds as follows.

I. **Defendants' motion to prohibit admission of evidence pertaining to: (1) Mr. Salem's driving record, training, or experience; (2) Mr. Salem's medical history; and (3) any evidence suggesting a problem or issue related to Mr. Salem's commercial driver's license. (Document No. 42)**

The parties agree that evidence of Mr. Salem's past driving record and training is not to be admitted. Moreover, the parties stipulate that at the time of the collision, Mr. Salem "had a commercial truck driver license issued by the State of Florida." (Doc. No. 47, p. 2). The undersigned understands that Plaintiff does not intend to suggest any problem or issue with Mr. Salem's driver's license.

The parties disagree as to whether or not Defendant Salem's medical history should be admissible for the purposes of impeachment. Plaintiff argues that the evidence should be admissible on the grounds that Defendant Salem's credibility is critical to the case. Defendants argue that the medical records are a collateral issue in this case and ought not to be discussed.

Defendants' Motion is **GRANTED in part** and **DEFERRED in part**. The Court will not allow questions on Defendant Salem's driving record or training, subject to the agreement of the parties, based on the representation by Defendants that they will not introduce evidence of such record and training that would suggest Defendant Salem has spent more years driving than he has. The Court reserves ruling on the admissibility of Mr. Salem's medical history for purposes of impeachment until trial.

II. **Defendants' motion to prohibit admission of evidence including the implication or suggestion that Defendant Salem was using a cell phone at or near the time of the accident, absent proper foundation. (Document No. 42).**

Defendants move to prohibit the admission of evidence including the implication or suggestion that Defendant Salem was using a cell phone at or near the time of the accident, *absent proper foundation*, is **GRANTED**. However, the Court takes the motion under advisement, and will allow Plaintiff the opportunity to present a proper foundation for the cellphone records at trial.

III. **Defendants' motion to prohibit any evidence including the implication or suggestion of how Decedent's husband Mr. Holden (now deceased), thought, felt or said following the accident. (Document No. 42).**

Defendants move to exclude any information regarding what Mr. Holden thought felt or said following accident, arguing that they do not object to introducing evidence of Mr. Holden's loss of companionship for damages, but are concerned that the comments made by Mr. Holden would be unfairly prejudicial and raise hearsay issues. Plaintiff argues that she intends to introduce testimony as to when Mr. Holden received the phone call from Ms. Bazen's phone, informing him

that his wife had been in an accident. Plaintiff also argues that what Mr. Holden said upon learning of the accident would be admissible under the excited utterance exception.

Defendant's motion is **GRANTED in part** and **DENIED in part**. The jury needs to understand the story and timeline regarding the accident, and Mr. Holden receiving the phone call informing him that his wife had been in an accident is part of that story. However, consistent with the discussions at the Final Pretrial Conference, the Court advises Plaintiff not to elicit testimony about what Mr. Holden thought or felt. With proper foundation, the Court will allow testimony regarding the basic facts of when and where Mr. Holden received the phone call at issue.

**IV. Defendants' motion to prohibit testimony of Plaintiff's expert witness Michael K. Napier, and that Defendants should likewise be barred from offering testimony of their expert Whitney Morgan. (Document No. 42).**

The parties agree on this issue. Defendants' motion to exclude testimony of Plaintiff's expert witness Michael K. Napier and Defendants' expert witness Whitney Morgan is **GRANTED**.

**V. Defendants' motion to prohibit any evidence of or relating to the existence of liability insurance, and bar Defendants from offering the same. (Document No. 42).**

The parties agree on this issue. Unless otherwise allowed by the Court, the parties shall not introduce evidence of or relating to the existence of liability insurance. Defendants' motion is **GRANTED**.

**VI. Defendants' motion to prohibit admission of the diagram contained in the police report and any testimony from Trooper Carnegie or Sergeant Henry L. Dorty, Jr. that the vehicles sideswiped each other, or their opinions as to how the accident happened, absent proper foundation. (Document No. 42).**

Defendants move to prohibit admission of the diagram contained in the police report and any testimony from Trooper Carnegie or Sergeant Henry L. Dorty, Jr. that the vehicles sideswiped each other, or their opinions as to how the accident happened. The parties agree to submission of

a redacted police report with the diagram taken out, and agree that Troopers Carnegie and Dorty will not give opinions as to how the accident happened, but will only be questioned about their observations of the scene following the accident. Based on the agreement and representations of the parties, the motion is **GRANTED**.

VII. **Defendants' motion to prohibit admission of any post-mortem photographs of Decedent. (Document No. 42).**

Defendants move to prohibit admission of any post-mortem photographs of Decedent. Plaintiff responded that they will only seek to introduce two (2) photographs, one in which Decedent's body is covered by a screen, and another in which a white cloth is shown in part of the photograph covering her body. Defendants inspected the photographs and stated that they did not have any objection to those two (2) photographs being admitted into evidence. Plaintiff agrees these are the only post-mortem photographs to be offered. Therefore, Defendants' motion is **GRANTED in part** and **DENIED in part**. Plaintiff may seek to admit the two (2) photographs shared at the Final Pretrial Conference in to evidence.

VIII. **Defendants motion to prohibit any Golden Rule argument and/or Reptile Theory questions and argument. (Document No. 42).**

Defendants move to prohibit Golden Rule argument and Reptile Theory questions and argument, arguing with respect to Reptile Theory that the arguments are meant to use a general sense of promoting safety to evoke an emotional response in the jury. Plaintiff agrees to the motion with respect to Golden Rule arguments, but objects with respect to Reptile Theory arguments on the grounds that safety and negligence are too interconnected, and Reptile Theory is not adequately defined.

Defendants' motion is **GRANTED in part** and **DEFERRED in part**. The Court will not allow Golden Rule arguments. The Court also discourages Reptile Theory arguments, but will

4

handle objections to statements purported to be Reptile Theory arguments as the need arises.

**IX.** **Plaintiff's motion to exclude any evidence regarding Decedent's pre-crash medical conditions, including pre-crash medical records. (Document No. 43).**

The parties agree on this issue, barring unforeseen circumstances at trial. Unless otherwise allowed by the Court, the parties shall not introduce evidence of Ms. Bazen's pre-crash medical condition or pre-crash medical records. Plaintiff's motion is **GRANTED**.

**X.** **Plaintiff's motion to prohibit introduction of the "Medical Examiner Preliminary Summary of Circumstances Surrounding Death in the Report of Investigation by Medical Examiner dated January 22, 2014." (Document No. 43).**

Plaintiff's move to prohibit introduction of the "Medical Examiner Preliminary Summary of Circumstances Surrounding Death in the Report of Investigation by Medical Examiner dated January 22, 2014." Defendants agree that, barring unforeseen circumstances, they will not seek to put the disputed statement into evidence. Plaintiff's motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that the parties' motions in limine (Document Nos. 42, 43) are **GRANTED IN PART** and **DENIED IN PART,** as described herein.

**SO ORDERED**.

Signed: July 29, 2016

David C. Keesler
United States Magistrate Judge